UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT CHARLES TILLITZ,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Case No. CR94-5074RJB<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL, MOTION RECONSIDERATION, AND MOTION FOR RELIEF FROM JUDGMENT |

This matter comes before the court on petitioner's Motion for Reconsideration and Relief from Judgment Under Federal Rules of Civil Procedure Rule 60(b)(Dkt. 762) and on petitioner's Motion for Appointment of Counsel Pursuant to 18 U.S.C. §3006A (Dkt. 761). The court has considered the relevant documents and the remainder of the file herein.

PROCEDURAL HISTORY

In 1998, petitioner was convicted after a jury trial of (a) conspiracy to import hashish in violation of 21 U.S.C. § 963 (count one); (b) conspiracy to distribute hashish in violation of 21 U.S.C. § 846 (count two); (c) importation of hashish in violation of 21 U.S.C. § 952 and 18 U.S.C. § 2 (count sixteen); (d) possession of hashish with intent to distribute in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2 (count seventeen); and interstate and foreign travel or transportation in aid of racketeering enterprises in violation of 18 U.S.C. § 1952 (counts eight, ten, eleven, twelve, fifteen and eighteen). Petitioner was sentenced on

August 14, 1998 to 360 months of imprisonment, followed by five years of supervised release and a $2 million fine.

On May 15, 2001, petitioner filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. *Tillitz v. U.S.A.*, C01-5257RJB. That motion attacked the conviction on three grounds: (1) that the jury failed to determine drug quantity beyond a reasonable doubt, relying on *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000); (2) that petitioner was denied choice of counsel at arraignment; and (3) that his waiver of the right to counsel was invalid. After staying the case pending the issuance of the Ninth Circuit's *en banc* decision in *United States v. Buckland*, 227 F.3d 1173 (9th Cir. 2002), on March 22, 2002, this court denied the Section 2255 motion as time-barred, and in an alternative holding, denied the motion on the merits. Judgment was entered March 25, 2002. C01-5257RJB, Dkt. 38 and 39. On April 12, 2002, the court denied Mr. Tillitz' motion for reconsideration. *Id.*, Dkt. 43. On July 26, the court denied a Certificate of Appealability. On February 28, 2003, the Ninth Circuit issued the mandate dismissing the appeal and denying a Certificate of Appealability. *Id.*, Dkt. 55.

## CURRENT MOTIONS

On June 15, 2007, petitioner filed a Motion for Reconsideration and Relief from Judgment Under Federal Rules of Civil Procedure Rule 60(b)(Dkt. 762) and a Motion for Appointment of Counsel Pursuant to 18 U.S.C. § 3006A(Dkt. 761).

Petitioner contends that his Sixth Amendment right to counsel at all critical stages was violated because he was denied his counsel of choice at his arraignment. Petitioner argues that the court should not have dismissed the 2255 motion as time barred because the decision was not based upon all the facts; that, under *United States v. Gonzalez-Lopez*, 126 S.Ct. 2557 (2006), deprivation of counsel of choice at the arraignment was structural error, not subject to a showing of prejudice; and that there were special circumstances that should have excused his late filing of the original Section 2255 motion. Dkt. 762.

Petitioner has also filed a motion for appointment of counsel, contending that this is an important matter with grave consequences. Dkt. 761.

## DISCUSSION

Fed.R.Civ.P. 60(b) provides that a party may receive relief from judgment, as follows:

**(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.**
On motion and upon such terms as are just, the court may relieve a party or a party's legal

ORDER
Page - 2

representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic) misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C., § 1655, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

Petitioner apparently requests that the court vacate the judgment entered in this case and reconsider the order denying the Section 2255 motion, based upon the decision in *United States v. Gonzalez-Lopez*.

Petitioner's motion should be denied for numerous reasons. His request for relief from judgment is untimely. His request does not meet the standard for mistake, inadvertence, surprise, or excusable neglect or for newly discovered evidence that would qualify for relief from judgment. Further, there is no reason for the court to reconsider the decision of this court that was affirmed on appeal. Petitioner's Section 2255 motion was time barred and the underlying claims were without merit. *United States v. Gonzalez-Lopez* is factually distinguishable. Petitioner's claims in this motion for relief from judgment and for reconsideration are without merit and should be denied. Because the claims are without merit and because petitioner is able to adequately articulate the claims, his motion for appointment of counsel should be denied.

Therefore, it is hereby

**ORDERED** that petitioner's Motion for Reconsideration and Relief from Judgment Under Federal Rules of Civil Procedure Rule 60(b)(Dkt. 762) is **DENIED**. Petitioner's Motion for Appointment of Counsel Pursuant to 18 U.S.C. §3006A (Dkt. 761) is **DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 19th day of June, 2007.

Robert J Bryan
United States District Judge